IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02857-BNB

MORSE LEE DAVIS,

    Plaintiff,

v.

RONNIE FERGUSON,
ROBERT FERRI,
DANIEL H. MAY, and
COMCOR, INC.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Morse Lee Davis, is incarcerated at Sterling Correctional Facility in Sterling, Colorado. Mr. Davis initiated this action by filing *pro se* a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 with payment of an initial filing fee.

    The Court will construe the Complaint liberally because Mr. Davis is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Davis will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Court has reviewed the Prisoner Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Davis fails to provide a short and plain statement of his claims showing that he is entitled to relief because he makes only vague and conclusory allegations that his constitutional rights have been violated without providing specific facts in support of the claims. He asserts three claims for relief, each of which stems from his arrest on March 19, 2012, at ComCor Inc., an agency providing community corrections services. As his first claim, Mr. Davis complains that he was denied equal protection of the law under the Fourteenth Amendment when Defendant Ronnie Ferguson, a ComCor Inc. staff

technician, refused to retrieve the GPS information available on Plaintiff's GPS ankle monitor during Plaintiff's arrest. He fails to explain how Defendant Ferguson treated Mr. Davis differently than another who is similarly situated. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

As his second claim, Mr. Davis alleges that his Fourth Amendment right was violated because he was arrested by Defendant Officer Robert Ferri without an arrest warrant. Other than merely alleging that it was a warrantless arrest, Mr. Davis offers no additional facts concerning how his Fourth Amendment rights were violated by Defendant Ferri. Vague and conclusory allegations of violations of federal constitutional rights do not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

As his third and final claim, Mr. Davis alleges that his rights to equal protection under the Fourteenth Amendment were violated by Defendant Daniel H. May. Plaintiff contends Defendant May failed to uphold his prosecutorial duties as a district attorney by not filing charges against the person who accused Plaintiff of domestic violence and robbery after Defendant May dismissed those charges against Plaintiff. Mr. Davis further asserts that Defendant May failed to perform "a full investigation before issuing an arrest" on Plaintiff. It is not clear from Plaintiff's allegations what Defendant May did to treat Mr. Davis differently than another similarly situated individual. *See Penrod,* 94 F.3d at 1406.

Mr. Davis must file an amended complaint if he wishes to pursue his claims in this action.  Mr. Davis must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").  The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Complaint does not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure.  Mr. Davis will be given an opportunity to cure the deficiencies in his complaint by submitting an amended prisoner complaint that states claims clearly and concisely in compliance with Rule 8 and alleges specific facts that demonstrate how each named defendant violated Plaintiff's constitutional rights.

Accordingly, it is

ORDERED that Plaintiff, Morse Lee Davis, file **within thirty (30) days from the date of this order,** an amended Prisoner Complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner

Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss some or all of the Defendants without further notice for the reasons discussed above.

DATED November 6, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge